IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHERINE A. JACOBY,

                                  ORDER

        Plaintiff,

                                09-cv-321-slc[1]

  v.

CITY OF MADISON,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Katherine A. Jacoby is seeking to proceed in her civil action under the in forma pauperis statute. 28 U.S.C. § 1915. However, there are two problems that prevent me from deciding whether to grant plaintiff leave to proceed under § 1915. First, plaintiff's complaint violates Fed. R. Civ. P. 8. According to Rule 8(a)(2), plaintiff's complaint needs to provide "a short and plain statement of the claim." "The primary purpose of [Rule 8] is

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the district receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order I am assuming jurisdiction over the case.

1

rooted in fair notice: a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994) (citation omitted) (119-page, 385-paragraph complaint "violated the letter and spirit of Rule 8(a)"). Plaintiff's complaint provides a single statement:

> Look through all these papers and ask why I'm [a] good enough employee to return year after year 15 to 20 years of service with the parks also helping in streets but wasn't concidered [sic] for this maintance [sic] II position I feel I was qualifed [sic] for.

Cpt., dkt. #1, at 4. It is difficult to tell exactly what claim plaintiff is making based on the statement in her complaint. Further, plaintiff's complaint cannot be a reference to attached documents. Under Rule 8(d)(1), a complaint must contain simple, concise and direct allegations. Mere references to several attached documents do not constitute simple, concise and direct allegations.

Because plaintiff's complaint violates Rule 8, I am unable to determine whether the complaint must be dismissed because it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). If plaintiff wishes to go forward with this case she must file an amended complaint that complies with Rule 8 by providing simple, concise and direct allegations that together create a short and plain

statement of her claim against defendant.  In other words, in her complaint she should explain what happened to her (what defendant did and what she did), when the complained of events took place and what relief she wants.

The second reason why I cannot decide whether to grant plaintiff leave to proceed under § 1915 is because her affidavit regarding her financial status is unclear.  In the affidavit plaintiff submitted, there are several locations where she has crossed out numbers and placed decimal points in what I perceive to be improper locations.  Also, it appears that plaintiff may have submitted her *yearly* income in the portion of the affidavit requesting her *monthly* income.  Thus, to allow the court to make a proper determination of her financial situation, plaintiff must submit a new, properly completed petition and affidavit in support of her motion to proceed without prepayment of fees and costs.

ORDER

IT IS ORDERED that plaintiff Katherine A. Jacoby's complaint is DISMISSED for her failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until June 24, 2009 in which to submit a proposed amended complaint that conforms to the requirements of Fed. R. Civ. P. 8, as explained above, and a properly completed petition and affidavit to proceed without prepayment of fees and costs.  If, by June 24, 2009, plaintiff fails to file the required amended complaint and affidavit or to show cause for her failure to do so, then this case will be dismissed without prejudice on the court's own motion.

Entered this 8th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4